Eastern District of Kentucky
F I L E D
DEC 08 2023
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:23-127-DCR

UNITED STATES OF AMERICA            PLAINTIFF

V.            **PLEA AGREEMENT**

DAVON S. TOOLEY            DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to two counts, charging violations of 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Convicted Felon. The Defendant agrees to the forfeiture of all items listed in the Forfeiture Allegations. The United States agrees that it will dismiss the Indictment in 23-CR-32-DCR at the time of sentencing.

2. The essential elements of the Information are:

    (a) That the Defendant knew he had been convicted of a crime punishable by imprisonment for more than one year;

    (b) That the Defendant, following the conviction, knowingly possessed a firearm; and

    (c) That the firearm crossed a state line prior to the alleged possession.

3. As to the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On April 28, 2022, officers with the Lexington Police were dispatched to a vehicle collision on the Interstate. Officers arrived and met with a witness to the collision who advised law enforcement that the driver of the vehicle stated that he was in possession of drugs and a gun. The witness managed to take a photo of the driver before he fled the scene on foot. With the assistance of the police helicopter, the driver of the vehicle was located and identified as Davon Tooley. The witness positively identified Tooley as the driver of the vehicle.

(b) During a search of the vehicle, officers located a small bag of suspected cocaine in the driver floorboard and in the console; a mason jar containing suspected marijuana. There was also a firearm in the floorboard. Tooley had approximately $249 cash. The substances were submitted to the KSP lab for testing and found to contain 1.692 grams of cocaine and 13.7 grams of marijuana.

(c) The firearm was examined by ATF and identified as a Taurus pistol, Model: G3, caliber 9x19, with an obliterated serial number. Agents also determined that the firearm was manufactured outside the Commonwealth of Kentucky and therefore, traveled through interstate commerce prior to Tooley's possession.

(d) On July 7, 2023, officers with the Lexington Police Department observed a vehicle without visible registration in the area of 7th and Elm streets, in Fayette County in the Eastern District of Kentucky. Officers conducted a traffic stop on a vehicle and the driver was identified as Davon Tooley. During the traffic stop officers observed what appeared to be a device used for smoking narcotics near the vehicle passenger. The passenger exited the vehicle and admitted to having drug paraphernalia.

(e) Tooley, the driver, was then asked to exit the vehicle. While Tooley was exiting the vehicle, officers noted that he appeared to push a firearm under the seat with his feet. The vehicle was searched and a loaded Smith & Wesson, with an extended magazine, was located under Tooley's seat. Officers also located additional ammunition, scales and approximately 25 grams of suspected marijuana.

(f) ATF identified the firearm as a Smith & Wesson, Model: SD9, caliber 9mm, bearing serial number HEZ8174. ATF also determined that the firearm traveled through interstate commerce prior to Tooley's possession.

(g) Tooley knew he had a conviction for Manslaughter Second Degree and Tampering with Physical Evidence, from the Jefferson Circuit Court, case

number 06CR598, in January 2010, a crime punishable by imprisonment for more than 12 months.

4. The statutory punishment for Count 1 of the Information is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years and for Count 2 imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 and all provided discovery materials.

    (c) Pursuant to U.S.S.G. § 2K2.1(a)(4)(B), the base offense level is at least a 20 because the firearm was a semiautomatic capable of accepting a large capacity magazine and the Defendant was a prohibited person at the time of the offense.

    (d) Pursuant to U.S.S.G. § 2K2.1(b)(4)(B), the offense level is increased by 4 levels because the firearm had an altered or obliterated serial number.

    (e) Pursuant to U.S.S.G. § 2K2.1(b)(6)(B), the offense level is increased by 4 levels because the Defendant possessed the firearm in connection to another felony offense.

(f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. The United States asserts that pursuant to U.S.S.G. § 2K2.1(a)(3), the base offense level is a 22 because the offense involved a semiautomatic weapon capable of accepting a large capacity magazine and the Defendant committed the offense subsequent to sustaining a felony conviction for either a crime of violence or a controlled substance offense. The Defendant reserves the right to challenge any application of this guideline.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense, as set out in the forfeiture

forfeiture allegation of the Indictment. The Defendant waives all provisions in Rule 32.2 pertaining to the timing of entry of forfeiture orders.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs

participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant=s entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 11/22/23    By: *[signature]*
Cynthia T. Rieker
Assistant United States Attorney

Date: 11-22    *[signature]*
Davon S. Tooley
Defendant

Date: 11/22/23    *[signature]*
Pam Ledgewood
Attorney for Defendant

7